# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORGE AYALA,**<br>Petitioner,<br>vs.<br>**GREG LEWIS, Acting Warden**<br>Respondent. | CASE NO. 11-cv-05708-YGR<br><br>**ORDER DENYING RESPONDENT'S MOTION TO ALTER OR AMEND JUDGMENT**<br>Re: Dkt. No. 51 |

On October 3, 2017, this Court held a hearing on Jorge Ayala's petition for a writ of *habeas corpus*. (Dkt. No. 43.) During the hearing the Court indicated that it was inclined to grant Ayala's petition. (Dkt. No. 51-1, Transcript of Proceedings held on October 3, 2017, at 12:21-15:1.) The Court then solicited the parties' positions on whether the appropriate remedy was a new trial or an evidentiary hearing. (*Id*.) Counsel for petitioner indicated that a new trial was the appropriate remedy in light of the fact that nearly twelve years had passed since the jury rendered its verdict. (*Id*. at 12:24-14:6.) Counsel for respondent initially attempted to reargue the underling petition, but eventually conceded that she was "not sure that just a hearing is going to be sufficient" because of the "12 years gone by." (*Id*. at 14:16-15:1.) In an unauthorized letter brief dated October 10, 2017, respondent's counsel apparently reversed course and argued that Ninth Circuit precedent required this Court to remand for an evidentiary hearing. (Dkt. No. 46.) This Court granted the petition in an order dated October 11, 2017. (Dkt. No. 47.) The Court remanded for a new trial based on "the amount of time which has passed, and the parties' agreement that an evidentiary hearing would be pointless." (*Id*. at 20)

Now before the Court is respondent's motion to alter or amend judgment pursuant to Fed. R. Civ. Pro. 59(e). (Dkt. No. 51, "Motion".) Having carefully considered the record, the papers submitted on this motion, and for the reasons set forth below, the Court **DENIES** the motion.

## I. LEGAL STANDARD

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*per curium*) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). The Ninth Circuit has stated that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *Id*. at 1255 n.1.

## II. DISCUSSION

Respondent argues that this Court should alter the judgment entered in this case "to correct a manifest error of law and fact upon which its judgment is based." (Motion at 2.) Respondent does not argue that newly discovered evidence exists or that there has been an intervening change in the law. *See McDowell v. Calderon*, 197 F.3d at 1255. The Court addresses respondent's alleged errors of law and of fact separately.

### A. Error of Law

According to respondent the "Court did not acknowledge or discuss the parties' post-argument briefing on the remedy issue" in its order granting Ayala's petition. (Motion at 3.) As an initial mater, the Court notes that it did not authorize the parties to submit post-hearing briefs. Second, respondent ignores the fact that the order specifically cites to *Drope v. Missouri*, 420 U.S. 162 (1975), which was central to petitioner's post-hearing brief. In *Drope*, the Supreme Court determined that remanding for a new trial was the appropriate remedy because "petitioner's due process rights would [not] be adequately protected by remanding the case" for a competency hearing six years after the jury returned a guilty verdict. *Id*. at 167. There, the Court's decision was largely based on its recognition of the "inherent difficulties of such a *nunc pro tunc* determination under the most favorable circumstances." *Id.* (citing *Pate v. Robinson*, 383 U.S. 375, 386-387 (1966); *Dusky v. United States*, 362 U.S. 402, 403 (1960)). The same is true here. Respondent concedes that nearly twelve years have passed since the jury rendered its verdict,

2

which is twice the length of time which had passed between the jury's verdict in *Drope* and the Supreme Court's order remanding for a new trial. Accordingly, Ayala's "due process rights would [not] be adequately protected by remanding the case" for an evidentiary hearing nearly twelve years after the jury returned its verdict. *Id*. at 167.[1]

Respondent counters that the "Supreme Court has made clear that when the federal habeas court determines that the state trial court erred by failing to conduct an evidentiary hearing on juror misconduct, the remedy is to conduct an evidentiary hearing." (Dkt. No. 51 at 3.) Plaintiff does not persuade. First, none of the Supreme Court cases on which respondent relies involved as great a passage of time between verdict and remand as occurred here. *See Smith v. Phillips*, 455 U.S. 209, 215 (1983) (six years), *Rushen v. Spain*, 464 U.S. 114, 119 (1983) (eight years); *Remmer v. United States*, 347 U.S. 227, 230 (1954) (six years); *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556 (1984) (four years). Second, none of these cases stand for the proposition that remanding for an evidentiary hearing is *always* the appropriate remedy.

Respondent further argues that remanding for an evidentiary hearing is required in light of *Godoy v. Spearman*, 861 F.3d 956 (9th Cir. 2017). There, the Ninth Circuit remanded for an evidentiary hearing eleven years after plaintiff's conviction. *Id*. The Court noted that "[u]nder the circumstances of this case, given the time that has elapsed, it may be difficult for the state to meet its heavy burden on remand, but we nevertheless afford it the opportunity to do so." *Id*. at 969-70. However, nowhere in *Godoy* did the Ninth Circuit hold that remanding for an evidentiary hearing is *always* the appropriate remedy. In fact, the *Godoy* Court's holding with regard to remedy was specifically limited to "the circumstances of [that] case" where a single juror had been communicating with a "Judge up north" potentially about procedural matters, not where, as here, multiple jurors had expressed safety concerns. *Id*. at 958. The extent and effect of the communication were to be determined on remand. The mere fact that some courts have ordered

---

[1] The Court notes that respondent completely ignored *Drope* in its post-hearing brief. In respondent's Rule 59(e) motion, respondent argues for the first time that *Drope* is distinguishable because that case involved a competency evaluation which "presents unique challenges." (Motion at 5–6 n.5.) Respondent does not persuade, as conducting an evidentiary hearing nearly twelve years after the jury rendered its verdict presents similar challenges, namely lack of recollection and fading memories.

3

1 evidentiary hearings based on specific fact patterns does not indicate that this is the only remedy

2 available, nor has respondent cited authority which suggests such a rigid rule.

3 Therefore, the Court finds that respondent fails to show that this Court "committed clear

4 [legal] error" to warrant the "extraordinary remedy" of granting its Rule 59(e) motion. *McDowell*,

5 197 F.3d at 1255, n.1.

### B. Error of Fact

Respondent additionally argues that its motion should be granted to correct an error of fact, namely that the parties agreed that an evidentiary hearing would be pointless. Respondent does not persuade, as the Court's decision to remand for a new trial was also based on the "length of time which [had] passed" since the jury rendered its verdict. (Dkt. No. 47 at 20.)[2] Accordingly, respondent fails to show that this Court "committed clear [factual] error" to warrant the "extraordinary remedy" of granting its motion to alter judgment. *McDowell*, 197 F.3d at 1255, n.1. Therefore, respondent's motion is **DENIED**.

### III. CONCLUSION

For the reasons discussed above, respondent's motion to alter judgment under Rule 59(e) is **DENIED**.

This order terminates Dkt. No. 51.

**IT IS SO ORDERED.**

Dated: November 22, 2017

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**YVONNE GONZALEZ ROGERS**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**

---

[2] In any event, the argument fails in light of respondent's concession that "counsel acknowledged during the hearing that there was a legitimate concern about the considerable time that had passed since petitioner's trial" and that she was "not sure" a hearing would be sufficient. (Motion at 6.) Respondent's unauthorized post-hearing brief did not operate to negate the representations made by counsel at the hearing.

4